IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:   24-cr-00230-GPG-JMC

UNITED STATES OF AMERICA,
          Plaintiff

     v.

BENTLEY WATTS, JR.,
          Defendant.

---

**ORDER RE:  DEFENDANT'S THIRD UNOPPOSED MOTION FOR CONTINUANCE
AND REQUEST TO EXCLUDE TIME FROM THE SPEEDY TRIAL PERIOD**

---

This matter is before the Court on the Defendant's First Unopposed Motion for Continuance and Request to Exclude Time from the Speedy Trial Period (the "Motion"). [ECF #45].  For the reasons set forth herein, the Motion is **GRANTED**.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill,* 197 F. 3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo,* 170 F. 3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge…on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Hill,* 197 F. 3d at 440-441 *(quoting* 18 U S.C. § 3161(h)(7)(A)). The Speedy Trial Act provides, in pertinent part:

1

> The following periods of delay shall be excluded. . .in computing the time within which the trial of any such offense must commence:
>
> * * *
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

For a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill,* 197 F. 3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill,* 197 F. 3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact" *Hill,* 197 F. 3d at 441 *(quoting United States v. Doran,* 882 F. 2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id. (quoting Doran,* 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that he believes necessitate the exclusion of 90 days from the speedy trial period in this case, and the Court adopts and incorporates those facts herein.

This matter involves a multi-count indictment alleging serious criminal conduct subjecting the Defendant to life in prison if convicted. The discovery in this matter consists of police reports, medical records and audio recordings, and other materials. Counsel for the Defendant asserts that he is still in the process of reviewing and analyzing the discovery materials, evaluating potential defenses, and exploring potential mitigation, and needs additional time to review and analyze the discovery materials and to prepare this case for trial or plea. The Government has been apprised of the Defendant's request

3

and, being familiar with the facts of the case, procedural history, and current posture, does not oppose it.

Based on the foregoing, the Court finds that excluding ninety (90) days from the speedy trial period is appropriate and just.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States,* 559 U.S. 196 (2010); *United States v. Larson,* 627 F. 3d 1198 (10th Cir. 2010); *United States v. Toombs,* 574 F. 3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F. 3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1)   Failure to grant a continuance of the motion deadlines beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161 (h)(7)(B)(i); and

(2)   Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161 (h)(7)(B)(iv);

(3) Ninety (90) days should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is hereby **ORDERED** that:

(1) Defendant's Third Unopposed Motion for Continuance and Request to Exclude Time from the Speedy Trial Period [ECF #45] is **GRANTED however no further continuances will be granted without extraordinary circumstances.**

(2) All days from **March 25, 2025**, through and including **June 23, 2025**, shall be excluded from the Speedy Trial period;

(3) The telephone conference with Judge Gallagher on February 3, 2025 at 11:00 a.m. and any trial date or pretrial deadlines and settings are hereby vacated;

(4) The Parties are directed to obtain pretrial motions deadlines and a date for jury trial by contacting the Clerk at Angela_Barnes@cod.uscourts.gov within five (5) days of the date of this Order.

Dated this 15th day of January, 2025.

_____
James M. Candelaria
United States Magistrate Judge

5